**FILED**
**Jul 28, 2026**
**10:37 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Matthew Fink | Docket No. 2026-20-1746 |
| v. | State File No. 7422-2026 |
| McCollum Water Conditioning, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims<br>Brian K. Addington, Judge | Heard July 14, 2026<br>via Microsoft Teams |

---

### Vacated and Remanded

---

In this interlocutory appeal, the injured employee's treating physician recommended surgery, and the employer submitted that surgical recommendation to its utilization review provider. After the utilization review physician recommended denial of the procedure, the employee appealed through the administrative process set out in the applicable statute and regulations. The Medical Director of the Bureau of Workers' Compensation overturned the utilization review denial and ordered the employer to authorize the surgery. Thereafter, the employer filed a petition for benefit determination and a motion to stay the Medical Director's decision pursuant to applicable regulations, which the trial court summarily denied. The employer has appealed. Having carefully reviewed the record, we vacate the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Houston M. Gunn, Brentwood, Tennessee, for the employer-appellant, McCollum Water Conditioning, Inc.

David N. Darnell, Kingsport, Tennessee, for the employee-appellee, Matthew Fink

### Factual and Procedural Background

On February 2, 2026, Matthew Fink ("Employee") was working for McCollum Water Conditioning, Inc. ("Employer"), when he felt pain in his right knee after slipping while entering or exiting his vehicle in the course and scope of his employment. Although the record in this appeal is scant, it appears Employer initially accepted the compensability

1

of the accident and authorized certain medical treatment. After the accident on February 2, Employee sought care from Dr. Alan Aiken, an orthopedic physician, who diagnosed a small meniscal tear in the right knee.[1] The records further indicate Dr. Aiken previously performed an ACL reconstruction of Employee's right knee, which he said remained "intact" after the work-related accident. Apparently, Dr. Aiken eventually recommended a right knee arthroscopy with partial lateral meniscectomy.[2] Employer then submitted the surgical recommendation to its utilization review ("UR") provider, and the records were reviewed by Dr. Robert Holladay with Ethos Risk Services, LLC.

Dr. Holladay produced two reports. First, he issued a UR "Notice of Denial" based on his evaluation of the medical records and his interpretation of the Official Disability Guidelines ("ODG"). This report analyzed the medical necessity of the recommended surgical treatment. Second, Dr. Holladay prepared a "Peer/Medical Record Review," in which he addressed certain causation questions presented to him by Employer's counsel. Thus, Dr. Holladay offered two medical opinions: (1) that the recommended treatment did not meet the ODG and was, therefore, not medically necessary; and (2) that there is insufficient information in the record to support a conclusion that the need for surgery was primarily caused by the work accident.

Employee appealed Dr. Holladay's UR report administratively as set out in Tenn. Comp. R. and Regs. 0800-02-06-.07. On March 12, 2026, the Bureau's Medical Director, Dr. Robert B. Snyder, issued an "Order for Medical Benefits," determining that the "Right Knee Arthroscopy with Partial Lateral Meniscectomy shall be approved."

On March 19, 2026, Employer filed a petition for benefit determination ("PBD"), stating that it disagreed with Dr. Snyder's determination and that it "further disputes the underlying compensability and causation of the injury as well as the need for surgery." Contemporaneously with its PBD, Employer filed a "Motion to Stay Enforcement of the Medical Director's Order" as set out in Tenn. Comp. R. and Regs. 0800-02-06-.07(6). It attached to its motion certain medical records and both of Dr. Holladay's reports.

On March 27, Employee forwarded to a Bureau mediator an email response to Employer's motion for stay.[3] There is no indication in the record that the mediator and the parties participated in alternative dispute resolution or that a dispute certification notice ("DCN") was issued. On April 10, 2026, the trial court entered an order denying

---

[1] It is unclear from the record how Employee came under the care of Dr. Aiken. There is no signed panel in the record or other documentation indicating how Dr. Aiken became his treating physician.

[2] The medical report that included Dr. Aiken's surgery recommendation is not contained in the record, but the utilization review report that describes the procedure Dr. Aiken had recommended is in the record.

[3] Employee's email response was eventually presented to the trial court and stamped filed on April 17, 2026.

Employer's motion to stay and determined that: (1) Dr. Holladay's UR Report was instead a causation opinion; (2) Employer's objection to Dr. Snyder's order was based on medical causation instead of medical necessity; and (3) Dr. Aiken's opinion on medical necessity was entitled to a presumption of correctness that had not been overcome by Employer. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

On appeal, Employer first asserts that the trial court's order should be reversed due to procedural irregularities. Second, Employer argues that the trial court was without authority to order the provision of medical benefits without first conducting an expedited hearing following the issuance of a DCN. Third, Employer argues that the trial court did not analyze the issue presented under the correct evidentiary standard applicable to expedited hearings. For the following reasons, we conclude the trial court's order must be vacated and the case remanded for further proceedings.

Multiple statutory and regulatory provisions are pertinent to our analysis of this case. First, Tennessee Code Annotated section 50-6-203(a) states that "[n]o request for a hearing by a workers' compensation judge . . . shall be filed with the court of workers' compensation claims . . . until a workers' compensation mediator has issued a dispute certification notice certifying issues in dispute." Tenn. Code Ann. § 50-6-203(a) (2025). Section 50-6-236(d)(2) provides that, if the parties are unable to resolve all disputes through the mediation process, "[t]he dispute certification notice shall be issued . . . and

3

signed by the assigned workers' compensation mediator" and distributed to all parties. Tenn. Code Ann. § 50-6-236(d)(2) (2025). Finally, section 50-6-239(d)(1) provides as follows:

> Upon motion of either party made at any time *after a dispute certification notice has been issued* by a workers' compensation mediator, a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability *or medical benefits* on an expedited basis . . . .

Tenn. Code Ann. § 50-6-239(d)(1) (2025) (emphases added).

With respect to UR, Tennessee Code Annotated section 50-6-124(d) authorizes an employer to "provide utilization review." Tenn. Code Ann. § 50-6-124(d) (2025); *see also* Tenn. Comp. R. & Regs. 0800-02-06-.02(2) ("Employers *shall* establish and maintain a system of utilization review.") (emphasis added). In circumstances where an employer "disagrees with the authorized treating physician about the medical necessity of a recommended treatment, then the employer *must* participate in [UR]." Tenn. Comp. R. & Regs. 0800-02-06-.05(1) (emphasis added). Subsection 50-6-124(d) also gives an employee who disagrees with a UR determination "recourse to the administrator's [UR] program." *Id.*

Thereafter, section 50-6-124(h) states that any recommended treatment "that explicitly follows the treatment guidelines adopted by the administrator . . . shall have a presumption of medical necessity for [UR] purposes . . . rebuttable only by clear and convincing evidence." Tenn. Code Ann. § 50-6-124(h) (2025). In addition, Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that "[a]ny treatment recommended by a physician . . . *selected pursuant to this subdivision (a)(3) or by referral*, if applicable, shall be presumed to be medically necessary.[4] (Emphasis added.)

In defining the term "utilization review," the applicable regulation states that it involves the "evaluation of the necessity, appropriateness, efficiency and quality of medical services," and it "does *not* include the evaluation or determination of causation or the compensability of a claim." Tenn. Comp. R. & Regs. 0800-02-06-.01(24) (2022) (emphasis added). In addition, Rule 0800-02-06-.04 states that "[t]he [UR] organization shall consider *only* the medical necessity, appropriateness, efficiency, and quality of the recommended treatment for the employee's condition." Tenn. Comp. R. & Regs. 0800-02-06-.04(6)(a) (2022) (emphasis added).

---

[4] We previously concluded that the presumption of medical necessity in subsection 204(a)(3)(H) can be overcome by a preponderance of the evidence. *See Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *19 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016).

With respect to the administrative appeal process applicable to UR determinations, the pertinent regulation authorizes "[t]he Bureau or its designated contractor" to "conduct the [UR] appeal." Tenn. Comp. R. & Regs. 0800-02-06-.07(2)(a) (2022). Moreover, "[t]he determination of the Bureau or its designated contractor is final for administrative purposes." *Id.* Finally, in circumstances where an employer disagrees with the result of a UR appeal and seeks to "avoid a penalty" for failure to authorize the treatment, then the employer "*shall* file a [PBD] with the Court of Workers' Compensation Claims" and "*shall* also request a stay of enforcement" of the UR appeal order from the trial court "pending the outcome of the [PBD]." Tenn. Comp. R. & Regs. 0800-02-06-.07(6) (2022) (emphases added).

In considering these statutory and regulatory provisions in conjunction with each other in the context of the present case, we conclude the trial court erred in summarily denying Employer's motion for a stay of enforcement of Dr. Snyder's order for several reasons. First, we conclude the trial court's order was a grant or denial of medical benefits under Tennessee Code Annotated section 50-6-239(d)(1). As a result, that order could not be issued prior to the issuance of a DCN by a Bureau mediator.

Second, we conclude the trial court did not appropriately interpret Dr. Holladay's reports. In addition to addressing the issue of medical causation, as noted by the trial court, Dr. Holladay separately considered the medical necessity of the recommended treatment in light of the ODG. Thus, we respectfully disagree with the trial court's determination that Dr. Holladay's report addressed only the cause of the need for surgery.

Third, we cannot conclude that Dr. Aiken's recommended treatment was entitled to a presumption of medical necessity pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(H) because the sparse record in this case does not document that Dr. Aiken was "selected pursuant to this subdivision (a)(3) or by referral." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2025). The record contains no signed panel of physicians and no testimony regarding how Employee came under the care of Dr. Aiken.

Fourth, we conclude Employer was entitled to have the opportunity to present evidence for the trial court's consideration prior to entry of an order granting or denying the motion for stay. The applicable rule explicitly states that the motion for stay is intended to delay enforcement of the UR order "pending the outcome of the [PBD]." Tenn. Comp. R. & Regs. 0800-02-06-.07(6). More importantly, as noted above, Tennessee Code Annotated section 50-6-239(d)(1) prevents a trial court from addressing "the provision of temporary disability or medical benefits" until "after a dispute certification notice has been issued by a workers' compensation mediator." Tenn. Code Ann. § 50-6-239(d)(1). Here, the record contains no docketing notice listing what evidence the trial court intended to

5

consider, and the order itself does not identify the documentary items considered by the trial court in addressing the motion for stay.[5]

## Conclusion

For the foregoing reasons, we vacate the trial court's order and remand the case for additional proceedings. Costs on appeal are taxed to Employee.

---

[5] We do not, however, intend to suggest that a trial court is obligated in every case to grant a motion to stay. If the motion for stay is held in abeyance pending the issuance of a DCN, or if the motion is filed after a DCN has been issued, a trial court can provide the parties an opportunity to offer whatever evidence each side wishes to submit, subject to evidentiary objections, and can, without or without an in-person evidentiary hearing, rule on the motion after considering that evidence. *See* Tenn. Code Ann. § 50-6-239(d) (2025); Tenn. Comp. R. & Regs. 0800-02-21-.15(1)(e) (2023).